UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

PHYLLIS JILES,

            Plaintiff,            **DECISION AND ORDER**

      v.                                    6:16-CV-06051 EAW

ROCHESTER GENESEE REGIONAL
TRANSPORTATION AUTHORITY,

            Defendant.

_____

## I.    Introduction and Factual Background

Plaintiff Phyllis Jiles ("Plaintiff") filed this action on January 28, 2016, alleging racial discrimination by the Rochester Genesee Regional Transportation Authority ("Defendant") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). (Dkt. 1). Plaintiff filed an amended complaint on March 21, 2016. (Dkt. 6). Plaintiff alleges that she was laid off from her position as a Scheduling Clerk with Defendant on May 30, 2014. (Dkt. 6 at 7). In the amended complaint, Plaintiff alleges that, although she was told that her job was eliminated due to Defendant's financial position, her removal was "racially motivated." (*Id.*). Plaintiff further alleges that she overheard her supervisor making racially derogatory remarks, and that the supervisor threatened Plaintiff after she reported those remarks. (*Id.*). Plaintiff also claims that within months of her termination, Defendant hired a Caucasian person

for the position that Plaintiff had previously held. (*Id.*). Plaintiff appears to assert claims for discrimination and retaliation. (*Id.* at ¶ 13).

In the amended complaint, Plaintiff states that she filed a complaint with the New York State Division of Human Rights ("NYSDHR") and a charge with the United States Equal Employment Opportunity Commission ("EEOC") on April 14, 2015. (*Id.* at ¶¶ 8, 10).

Defendant answered Plaintiff's amended complaint on April 25, 2016. (Dkt. 10). Defendant's ninth affirmative defense alleges that Plaintiff's suit is time-barred because Plaintiff failed to file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct. (*Id.* at 7).

On June 20, 2016, Defendant filed the instant motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). (Dkt. 17). Defendant argues that Plaintiff failed to file her charge with the EEOC within 300 days of the alleged discriminatory action, and, therefore, Plaintiff's claim is time-barred. (Dkt. 17-2 at 6-7). Plaintiff was afforded multiple extensions of time to the Court's initial scheduling order for the motion. (Dkt. 18; Dkt. 20; Dkt. 23). Ultimately, on September 9, 2016, Plaintiff filed a notarized letter with the Court, ostensibly in response to Defendant's motion. (Dkt. 25). In that letter, Plaintiff confirms that she was terminated on May 30, 2014, and that she filed her complaint with the NYSDHR on April 14, 2015, but she alleges: "I was told by New York State Division of Human Right (Ms. Linda) that I had up to one year from the date of most recent act of discrimination happened." (*Id.*).

For the reasons discussed below, Defendant's motion is granted.

## II. Discussion

### A. Standard of Review

Judgment on the pleadings may be granted under Fed. R. Civ. P. 12(c) "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief." *Zucco v. Auto Zone, Inc.*, 800 F. Supp. 2d 473, 475 (W.D.N.Y. 2011). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition, "[i]t is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest

arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted).

### B. Plaintiff's Claims are Time Barred

Defendant argues that Plaintiff's allegations in the complaint are untimely, as they occurred more than 300 days before Plaintiff filed a complaint with the NYSDHR. (Dkt. 17-2 at 6-7). Because New York is a so-called dual-filing or deferral state, a plaintiff must file a charge under Title VII within 300 days of the occurrence of a discriminatory act. 42 U.S.C. § 2000e–5(e)(1); *see, e.g., Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 307 (2d Cir. 1996). The statutory filing period operates as a statute of limitations; therefore, the failure to file an administrative complaint within the required time period will bar a plaintiff's action. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996). For purposes of the filing deadline, a complaint filed with the NYSDHR "is considered to be cross-filed with the EEOC...." *Morales v. City of N.Y. Dep't of Juvenile Justice*, No. 10 Civ. 829(JGK), 2012 WL 180879, at *4 (S.D.N.Y. Jan. 23, 2012). "Thus, in New York, a plaintiff typically has 300 days after the alleged discriminatory act to file a charge with either the EEOC or the NYSDHR." *Visco v. Brentwood Union Free Sch. Dist.*, 991 F. Supp. 2d 426, 433 (E.D.N.Y. 2014).

Plaintiff alleges that she was terminated from her job on May 30, 2014. Plaintiff filed her complaint with the NYSDHR 319-days later, on April 14, 2015. Thus, on the allegations in Plaintiff's complaint, Plaintiff failed to file within the required 300-day time period.

Plaintiff argues in opposition to Defendant's motion that Plaintiff was told by someone ("Ms. Linda") at NYSDHR that she had one year to file her claim. (*See* Dkt. 25 at 1). The Court assumes that Plaintiff's allegations are true. Indeed, pursuant to N.Y. Executive Law § 297(5), a complaint alleging state discrimination claims in violation of state law must be filed with the NYSDHR within one year of the alleged discriminatory conduct. N.Y. Exec. Law § 297(5). However, this is the statutory deadline associated with a claim under state law, and it has no impact on the 300-day filing deadline set forth in Title VII. *See Mudholkar v. Univ. of Rochester*, No. 06-CV-6010T, 2006 WL 2792281, at *6 (W.D.N.Y. Sept. 27, 2006) (noting that despite the one-year filing deadline under New York state law, Title VII required filing within 300 days of the alleged discriminatory act).

Although not expressly raised by either party, the Court recognizes that the timely filing of a charge under Title VII is, like a statute of limitations, subject to equitable tolling. *Odom v. Doar*, 497 F. App'x 88, 89 (2d Cir. 2012). Equitable tolling applies where (1) the plaintiff actively pursued judicial remedies, but filed a defective filing within the statutory time period, (2) an adversary "induced or tricked" the plaintiff into filing after a deadline passed, (3) a court misled the plaintiff, (4) affirmative misconduct by the defendant "lulled [the] plaintiff into inaction," (5) notice to the plaintiff was inadequate, or (6) there is a pending motion to appoint counsel. *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11-12 (2d Cir. 1994). A district court must determine whether the plaintiff acted with reasonable diligence during the tolling period, and whether the

plaintiff "has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal citations omitted). In other words, "equitable tolling [of the 300-day statutory deadline] is only appropriate 'in rare and exceptional circumstances' . . . in which a party is 'prevented in some extraordinary way from exercising his rights.'" *Id.* at 80 (internal citations omitted).

Plaintiff has not alleged sufficient facts to support equitable tolling. Accepting as true Plaintiff's assertion that she was told she had a year to file her complaint with the NYSDHR, this does not establish a basis for equitable tolling under the standard set forth by the Second Circuit. Defendant was not the cause of delay, nor does Plaintiff claim she was tricked into filing after the 300-day time period had run. Again, the alleged representation by the NYSDHR representative was an accurate statement as to state law, but not federal law.

The Court recognizes that, in some circumstances, equitable tolling of the 300-day filing deadline has been found appropriate when the EEOC erroneously advised the plaintiff or otherwise erred. For example, in *Walker v. Linklaters LLP*, 948 F. Supp. 2d 396 (S.D.N.Y. 2013), the EEOC investigator, with whom the plaintiff had been in close contact well in advance of the filing deadline, incorrectly informed the plaintiff as to which day was his last date of employment, causing an incorrect calculation of the plaintiff's filing deadline. *Id.* at 398-99. The court held that under the circumstances, the EEOC investigator's error was sufficient to warrant equitable tolling of the 300-day

deadline. *Id.* at 400; *see also Harris v. City of N.Y.*, 186 F.3d 243, 248 n.3 (2d Cir. 1999) ("Generally courts do not penalize litigants for EEOC's mistakes and misinformation."); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (recognizing that equitable tolling may be appropriate where an EEOC official told a plaintiff that his charge could be filed past the 300-day deadline, although declining to reverse the district court's determination that plaintiff failed to establish his entitlement to equitable tolling); *Hansen v. Jones Lang LaSalle Americas, Inc.*, 103 F. Supp. 3d 221, 224-25 (D. Conn. 2015) (finding that equitable concerns would allow a plaintiff's claims to proceed despite an EEOC administrative error which errantly withdrew the plaintiff's charge); *Smith v. Chase Manhattan Bank*, No. 97 CIV. 4507(LLM), 1998 WL 642930, at *4 (S.D.N.Y. Sept. 18, 1998) (finding equitable tolling appropriate when a plaintiff failed to file within the deadline because the EEOC sent his Notice of the Right to Sue to the wrong address, though the plaintiff had notified the EEOC of an address change). *Cf. Moore v. City of N.Y.*, 15 Civ. 4578 (KPF), 2016 WL 3963120, at *9 (S.D.N.Y. July 21, 2016) (declining to permit equitable tolling where the plaintiff alleged she received misinformation from the EEOC, and collecting similar cases).

Here, there are no allegations that the EEOC made any misrepresentations to Plaintiff. Plaintiff contends that the NYSDHR representative stated that she had one year to file her complaint, but again, this is an accurate statement of the requirements under New York state law, and there are no allegations that the NYSDHR made any statements concerning the filing deadline under federal law. Moreover, unlike the situation in

*Walker*, there are no allegations that Plaintiff was in close and continuing contact with the EEOC (or NYSDHR for that matter)—indeed Plaintiff does not provide any information concerning when she had this contact with the NYSDHR representative. Although the Court recognizes Plaintiff's status as a *pro se* litigant and the requirement that Plaintiff's papers be read liberally, the Court cannot assume or invent facts in favor of Plaintiff's position. Plaintiff was informed that the Court would decide the motion solely on the basis of the papers submitted. (Dkt. 18 at 2 ("The Court will not hold oral argument on the motion, but will decide the motion based on the papers submitted.")).

Further, even if this case involved a situation where the EEOC made some inaccurate representation to Plaintiff about the deadline for filing a charge, the Second Circuit has raised questions as to "whether the EEOC's actions can be a basis for equitable tolling where the EEOC is not a defendant." *Li-Lan Tsai v. Rockefeller University*, 46 F. App'x 657, 658 (2d Cir. 2002) (rejecting an equitable tolling argument where the plaintiff did not provide any evidence to corroborate an assertion that the EEOC provided erroneous information).

At best, the NYSDHR informed Plaintiff about her filing requirements under state law, and it was Plaintiff's misunderstanding of the NYSDHR's alleged statement which led to Plaintiff's failure to file a federal claim in a timely fashion. This is not sufficient to support a claim for equitable tolling. *See Bethelmie v. N.Y. City Health and Hosps. Corp.*, No. 00 CIV. 3707(FM), 2001 WL 863424, at *3 (S.D.N.Y. July 31, 2001) (finding

that a plaintiff's error based upon an inference from an EEOC statement was not a valid basis to equitably toll the 300-day filing deadline).

The federal statute clearly requires that an EEOC charge (or NYSDHR complaint, for purposes of cross-filing) be filed within 300 days of the alleged discriminatory action. Plaintiff failed to file within the required time period, and she has not established that her failure to comply with the deadline is entitled to equitable tolling. Therefore, Defendant is entitled to judgment as a matter of law.

### III.  Conclusion

For the foregoing reasons, Defendant's motion for judgment on the pleadings (Dkt. 17) is hereby granted.

SO ORDERED.

                                                                _____
                                                                ELIZABETH A. WOLFORD
                                                                United States District Judge

Dated:  November 8, 2016
            Rochester, New York